of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**YONG BIAO LIU, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–2950–ag.

United States Court of Appeals, Second Circuit.

July 7, 2009.

Vlad Kuzmin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Richard M. Evans, Assistant Director; Virginia Lum, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and WALKER, Circuit Judges.

Attorney General Michael B. Mukasey as respondent in this case.

54

### SUMMARY ORDER

Petitioner Yong Biao Liu, a native and citizen of the People's Republic of China, seeks review of a May 15, 2008 order of the BIA denying his motion to reopen. *In re Yong Biao Liu,* No. A073 647 232 (B.I.A. May 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Liu's untimely motion to reopen.

Liu argues that the BIA erred in finding that he failed to demonstrate material changed country conditions where it failed to adequately consider the evidence that he submitted in support of his motion. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, the BIA explicitly considered Liu's particularized evidence— including his father's affidavit, his wife's cousin's husband's affidavit, and the notice from family planning officials—and reasonably found that those documents did not demonstrate a reasonable possibility of persecution or reference the treatment of individuals similarly situated to Liu, *i.e.,* Chinese nationals with U.S. citizen children. *See Jian Hui Shao,* 546 F.3d at 160–61. While a reasonable fact finder could review the same evidence and draw a different conclusion, such is insufficient to demonstrate error in the BIA's decision. *See Liang Chen v. U.S. Attorney Gen.,* 454 F.3d 103, 106 (2d Cir.2006).

Liu waives any challenge to the BIA's finding that he was not eligible to file a successive asylum application based on his changed personal circumstances. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).